FITZSIMMONS, Judge,
concurring, with reasons.
LSA-R.S. 4:547(A) gives standing to two categories of persons, those who are applicants and those who are aggrieved. The primary question is not whether Capitol House was an applicant or aggrieved, but whether it is a “person.” If Capitol House is not a recognized legal entity for the purposes of pursuing the corporate rights at issue, then Capitol House is not a “person.” As stated in the report, a minority shareholder is not a recognized legal entity who can pursue corporate rights. Capitol House is a shareholder. It has its own corporate identity, but that identity does not regulate or elevate its status as a shareholder in Lady Luck Baton Rouge, Inc. Lady Luck, not its incorporated shareholder, is the only corporate entity that can pursue any rights pertaining to applications or be aggrieved by the decision appealed. Thus, I believe it is unnecessary and may be misleading to answer the question before us based on a review of both prongs of LSA-R.S. 4:547(A), that is, whether Capitol House is a person whose application has been denied or a person aggrieved. The one finding, that Capitol House is not a person, not a legal entity who may pursue the corporate rights, answers both questions.